NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVARO RODRIGUEZ-AVENDANO, | No. 16-73940 |
| Petitioner, | Agency No. A205-151-054 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Alvaro Rodriguez-Avendano, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Rodriguez-Avendano does not challenge the agency's dispositive finding that his asylum application is time-barred. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Rodriguez-Avendano failed to establish that he would be persecuted on account of a protected ground. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("imputed wealthy Americans" not cognizable as a particular social group); *Delgado-Oritz v. Holder*, 600 F.3d 1148, 1151-53 (9th Cir. 2010) ("returning Mexicans from the United States" not cognizable as a particular social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Rodriguez-Avendano's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Rodriguez-Avendano failed to show it is more likely than not that he will be tortured by the government of Mexico, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

Finally, we lack jurisdiction to consider Rodriguez-Avendano's contentions as to voluntary departure because he failed to exhaust them before the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (court lacks jurisdiction to review issues or claims not presented to the agency). Similarly, we lack jurisdiction to consider Rodriguez-Avendano's argument that the IJ violated his right to due process by failing to advise him of alleged eligibility for administrative closure because he failed to exhaust this argument before the BIA. *See id*.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**